UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIME SHAW, as Administrator of the Estate
of Robert Eric Clark, Deceased,

    Plaintiff,

  v.

THE AMERICAN COAL COMPANY,

    Defendant.

Case No. 16-cv-1196-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant The American Coal Company's ("American Coal") motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5). Plaintiff Jaime Shaw has responded to the motion (Doc. 20), and American Coal has replied to that response (Doc. 22). The Court notes that, as stated in its January 25, 2017, order (Doc. 26), it has declined to convert this motion into a motion for summary judgment and will instead consider it under Rule 12(b)(6) and disregard the submission of matters outside the pleadings.

**I.**    **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

2

*Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). That is what American Coal claims Shaw has done in this case.

## II. Facts Alleged

The following relevant facts are established by the allegations in the complaint:

As of June 6, 2016, Robert Eric Clark, the plaintiff's decedent, worked at a coal mine near Galatia, Illinois, that was operated by American Coal ("the Galatia mine"). On June 6, 2016, an agent of American Coal directed Clark to get under a piece of equipment. The equipment fell on Clark, killing him.

Shaw, the administrator of Clark's estate, brings this wrongful death, survival and expense action against American Coal. Her complaint charges, among other things, that American Coal failed to provide a safe workplace for Clark, failed to properly train Clark and negligently directed him to get under the piece of equipment that fell on him.

American Coal asks the Court to dismiss this case with prejudice on the grounds that Shaw has pled sufficient facts to show Clark was an employee of American Coal, so Shaw's exclusive remedy for Clark's injuries and death is under the Illinois Workers' Compensation Act ("IWCA"). *See* 820 ILCS 305/5(a). In response, Shaw maintains that her Complaint clearly

pleads that Clark worked for a different employer and that she seeks compensation from American Coal as a third party tortfeasor, so her remedy is not exclusively under the IWCA. *See* 820 ILCS 305/5(b).

### III. Analysis

As a preliminary matter, all parties agree that Illinois workers' compensation law provides the governing rule in the instant dispute. Therefore, the Court's analysis begins with a brief review of the relevant portions of the IWCA. The IWCA provides a remedy for injured employees against their covered employers for work-related injuries. That remedy is exclusive to any other cause of action they may try to bring against their employers for those injuries:

> No common law or statutory right to recover damages from the employer . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . . , the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.

820 ILCS 305/5(a). However, if a third party caused an employee's injury, the employee may still sue the third party without regard to the IWCA:

> Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. . . .

Illinois courts have noted exceptions to the rule that an employee may sue his employer for injuries only under the IWCA (although the exceptions may be better labeled as failures to satisfy the IWCA compensation requirements). Those exceptions are where (1) the injury was not accidental, (2) the injury did not arise from the employee's employment, (3) the injury was not received during the course of employment or (4) the injury was not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill. 1990).

American Coal argues that Shaw has pled herself out of court by alleging facts that definitively show Clark was an American Coal employee, and therefore her exclusive remedy for Clark's death is under the IWCA as a matter of law. It points to allegations that it claims establish under Illinois law that a worker is the employee of an employer even if they do not label the relationship as an employment relationship. The test for employer status involves consideration of various factors, including:

> whether the employer may control the manner in which the person performs the work; whether the employer dictates the person's schedule; whether the employer pays the person hourly; whether the employer withholds income and social security taxes from the person's compensation; whether the employer may discharge the person at will; [] whether the employer supplies the person with materials and equipment [and]. . . . whether the employer's general business encompasses the person's work.

*Roberson v. Indus. Comm'n (P.I. & I. Motor Exp., Inc.)*, 866 N.E.2d 191, 200 (Ill. 2007). No single factor is determinative, although the most important factor is the right to control the manner of the work. *Id.* However, the weight to give to each factor may differ depending on the specific situation in issue, and the Court should look at the totality of the circumstances. *Id.*

While noting that the Complaint alleges very little about the employment relationship between it and Clark, American Coal argues Shaw has alleged enough to show an employment relationship existed at the time of the accident. Specifically, it points to Shaw's allegations that American Coal had a duty to provide a safe workplace (implying it had control over Clark's workplace), failed to properly train Clark to maintain mine equipment (implying it was responsible for Clark's training), failed in other duties regarding maintenance and use of mine equipment (implying it controlled the equipment used at the mine), and directed Clark to go under a piece of mine equipment in unsafe circumstances (implying it controlled Clark's work). American Coal draws the conclusion from these allegations that it "controlled and directed the

5

manner in which Mr. Clark performed his work (at least in connection with the accident)." Mem. Supp. Mot. 7 (Doc. 6).

On the other side, Shaw argues that her Complaint "makes clear that Robert Clark worked on contract for a different, distinct employer." Pl.'s Mem. Supp. Resp. 1-2 (Doc. 21). She points to her allegation that American Coal "had a duty to provide a reasonably safe workplace and reasonably safe equipment for *contract workers at their facility, including the Decedent ROBERT ERIC CLARK*." Compl. ¶ 4 (Doc. 1-1) (emphasis added). Shaw also points to her reference to Clark "and others, including mine employees," to show her allegations did not include Clark as one of those employees.

While the Court takes issue with whether Shaw's allegations were clear, it does agree that the only reasonable inference from the allegations in the Complaint as a whole is that Clark was not an employee of American Coal but was instead a contract worker. Additionally, the hallmarks of employment to which American Coal points do not paint a complete picture of the circumstances of the relationship between it and Clark, and certainly do not establish conclusively that Clark was its employee. In fact, it admits as much by qualifying its conclusion that Shaw's allegations establish an employment relationship "at least in connection with the accident." Mem. Supp. Mot. 7 (Doc. 6). However, it is not the relationship at the moment of an injury that defines employment status but the comprehensive relationship between the parties during the course of the work. Had Shaw made different allegations conclusively showing Clark was an employee of American Coal, dismissal at this stage of the case would have been appropriate. However, as the record stands, whether Clark was an employee of American Coal under Illinois law is a question that should be answered at a later stage of this case once discovery reveals a more complete picture of the entire working relationship.

The Court concludes that Shaw has adequately pled a non-employment working relationship between American Coal and Clark that led to Clark's death because of American Coal's negligence. She has thereby given American Coal fair notice of her claims and the grounds on which they rest. Those allegations plausibly suggest she has a non-speculative right to relief from American Coal as a third-party tortfeasor that caused Clark's death. That Shaw has not pled more specific facts to support a contractual relationship is of no moment. Employment status is not the kind of allegation that needs to be supported by detailed allegations regarding each factor considered when determining that status as a question of law, although evidence to support or oppose those factors will surely be relevant at later stages of the case. Requiring more detailed allegations than Shaw has made risks straying too far from the "short, plain statement of the claim" that is required by Rule 8(a)(2) and that is at the heart of federal notice pleading.

Because the Court has found Shaw adequately pled that Clark was not an employee of American Coal, it need not address American Coal's argument that Shaw failed to adequately plead exceptions to the IWCA exclusive remedy provision.

**IV. Conclusion**

For the foregoing reasons, the Court **DENIES** American Coal's motion to dismiss (Doc. 5).

**IT IS SO ORDERED.**
**DATED: January 27, 2017**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**