UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAIME SHAW, as Administrator of the Estate of Robert Eric Clark, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE AMERICAN COAL COMPANY, <br><br> Defendant/Third-Party Plaintiff/ Third-Party Counterdefendant, <br><br> v. <br><br> DAVID STANLEY CONSULTANTS, LLC, <br><br> Third-Party Defendant/ Third-Party Counterclaimant/Crossclaimant <br><br> and <br><br> ATLAS COPCO AB, <br><br> Third-Party Defendant/ Crossclaim Defendant. | Case No. 16-cv-1196-JPG-RJD |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jaime Shaw's motion to amend her complaint to add four additional defendants and to amend the scheduling order (Doc. 65). Defendant The American Coal Company ("American Coal") objects to the amendment to the extent it seeks to add three individual defendants (Doc. 66). Third-party defendant Atlas Copco Mining & Construction USA LLC ("Atlas Copco"; misnamed in the complaint as Atlas Copco AB) asks to join American Coal's objection (Doc. 67), which the Court will allow.

**I.     Background**

This case arose out of the June 6, 2016, death of plaintiff's decedent Robert Eric Clark. Clark worked at the New Era Mine, a coal mine operated by American Coal. The plaintiff claims that on June 6, 2016, an agent of American Coal directed Clark to get under a piece of equipment. The equipment fell on Clark, killing him.

Shaw, the administrator of Clark's estate, filed this wrongful death, survival and expense action against American Coal in state court. Her complaint charges, among other things, that American Coal failed to provide a safe workplace for Clark, failed to properly train Clark and negligently directed him to get under the piece of equipment that fell on him.

American Coal removed the case to federal court under 28 U.S.C. § 1441(a) on the basis of original diversity jurisdiction under 28 U.S.C. § 1332(a). Complete diversity existed. *See Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806). The plaintiff was a citizen of Illinois based on Clark's Illinois citizenship at the time of his death, *see* 28 U.S.C. § 1332(c)(2), and American Coal was a citizen of Delaware, its state of incorporation, and Ohio, the state of its principal place of business, *see* 28 U.S.C. § 1332(c)(1). Additionally, more than $75,000 was in issue, exclusive of interest and costs.

The plaintiff now asks the Court for leave to amend her complaint to add as defendants Brad Pate, Christopher Barter and Vernon Webb, all of whom she claims were agents or employees of American Coal and reside in Illinois. She also seeks to add Atlas Copco, the manufacturer of the piece of equipment that fell on Clark. American Coal and Atlas Copco object to the joinder of Pate, Barter and Webb on the grounds that their presence would destroy diversity jurisdiction; they assume since Pate, Barter and Webb reside in Illinois, they are citizens of Illinois. They do not object to the joinder of Atlas Copco.

**II.     Analysis**

The Court proceeds on the assumption that Pate, Barter and Webb are citizens of Illinois, although residency is not the same as citizenship. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (stating "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Under this assumption, joinder of Pate, Barter or Webb would destroy the diversity subject matter jurisdiction upon which this case depends. Therefore, the Court's decision is governed by 28 U.S.C. § 1447(e) rather than the ordinary amendment standard in Rule 15(a). *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 n.3 (7th Cir. 2009). That statute states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, under § 1447(e), the Court has only two choices: "(1) deny joinder, or (2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur*, 577 F.3d at 759. In making the choice, the Court should balance the equities, considering "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

The plaintiff claims that at the time she filed her original complaint, she lacked information concerning the identities of individuals working at the site where Clark died so she could not name them in that pleading. She has since identified those individuals in discovery. American Coal and Atlas Copco believe that the plaintiff seeks to join Pate, Barter and Webb simply as a means to get this case back to state court, her preferred forum. They note that none

3

of the individuals are likely to be able to substantially contribute to paying a judgment, should the plaintiff prevail. They further note that the plaintiff knew Pate was involved in this case months, if not a year, ago and did not sue him or others as John Doe defendants in the original complaint. American Coal and Atlas Copco assert the plaintiff will not be injured by the failure to join the individuals because they will still be available as witnesses in the case. Finally, they argue they have a compelling interest in a federal forum. The plaintiff has not replied to the response by American Coal and Atlas Copco.

The Court exercises its discretion to decline to allow joinder of Pate, Barter or Webb. It appears their joinder would add nothing to the case and would serve simply to defeat federal jurisdiction. All of the individuals' alleged conduct appears to have been in their capacities as American Coal employees and is conduct for which American Coal would be liable on a *respondeat superior* theory. Causes of action against the individuals would be duplicative of the causes of action against American Coal, from whom the plaintiff could obtain complete relief. Thus, the most likely motive for joinder of Pate, Barter or Webb at this point would not be to recover for wrongs or from defendants not asserted in the original complaint but to defeat federal jurisdiction.

The Court also notes that if Pate, Barter and Webb are not joined in this case, the plaintiff may still sue them in state court because the applicable statutes of limitations have not run. Thus, the plaintiff may obtain full relief from those individuals for their individual conduct in that forum if she chooses.

The Court gives the most weight to the two foregoing consideration in its decision. Less important, but worthy of note, is (1) that the plaintiff did not act promptly after discovering the identity of additional parties who may have committed wrongful conduct before seeking leave to

4

amend and (2) that American Coal has a right to a federal forum if there is a basis for federal jurisdiction.

For these reasons, the Court will not allow joinder of Pate, Barter or Webb individually but will allow additional allegations or claims involving those individuals to be made against American Coal in an amended complaint. The plaintiff may also join as a defendant Atlas Copco.

## III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Atlas Copco's motion to join in American Coal's response (Doc. 67);

- **GRANTS in part** and **DENIES in part** the plaintiff's motion for leave to amend her complaint to add additional defendants (part of Doc. 65). She may add claims against Atlas Copco and may amend claims against American Coal as outlined in this order. She may not add claims against Pate, Barter or Webb;

- **ORDERS** that the plaintiff shall have up to and including September 8, 2017, to file an amended complaint that complies with this order; and

- **REFERS** the motion to amend the scheduling order (part of Doc. 65) to Magistrate Judge Reona J. Daly pursuant to Local Rule 72.1(a)(1).

**IT IS SO ORDERED.**
**DATED: August 24, 2017**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**