UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIME SHAW, as Administrator of the Estate
of Robert Eric Clark, Deceased,

    Plaintiff,

        v.

THE AMERICAN COAL COMPANY and
ATLAS COPCO MINING CONSTRUCTION
USA, LLC,

    Defendants/Crossclaimants/Crossclaim
    Defendants/Third-Party Plaintiffs/
    Third-Party Counterdefendants,

        v.

DAVID STANLEY CONSULTANTS, LLC,

    Third-Party Defendant/Third-Party
    Counterclaimant.

Case No. 16-cv-1196-JPG-RJD

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant Atlas Copco Mining & Construction USA LLC's ("Atlas Copco") motion for a good faith finding regarding its settlement with plaintiff Jaime Shaw, as Administrator of the Estate of Robert Eric Clark, and dismissal of contribution claims against it (Doc. 117). No party has responded to the motion within the response period allowed by Local Rule 7.1(c) and Federal Rule of Civil Procedure 6(a).

This case arose from an accident in the New Era coal mine in which the plaintiff's decedent, Robert Eric Clark, was injured. The mine was operated by American Coal Company ("American Coal"). Atlas Copco had manufactured a piece of equipment, an end loader, used in the mine. David Stanley Consultants LLC ("David Stanley") employed workers for the mine,

one of which was Clark. On June 6, 2016, Clark went under the end loader manufactured by Atlas Copco to try to repair it. It dropped on him, causing his death. Plaintiff Jamie Shaw has sued Atlas Copco and American Coal, who have sued each other and David Stanley for contribution. David Stanley has reciprocated. Atlas Copco settled the plaintiff's claims against it and now asks the Court for a finding that the settlement was in good faith as contemplated by the Illinois Joint Tortfeasor Contribution Act ("Contribution Act"), 740 ILCS 100/0.01 *et seq.*

The Contribution Act "seeks to promote two important public policies—the encouragement of settlements and the equitable apportionment of damages among tortfeasors." *Johnson v. United Airlines*, 784 N.E.2d 812, 821 (Ill. 2003). It states, in pertinent part:

> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.
>
> (d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.
>
> (e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement.

740 ILCS 100/2. Thus, under subsection (d), a defendant tortfeasor who settles in good faith with a plaintiff is discharged from contribution liability to a non-settling tortfeasor. *Johnson*, 784 N.E.2d at 818; *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 448 (Ill. App. Ct. 2000). Under subsection (d), it may also not recover contribution from a non-settling tortfeasor. *Antonicelli v. Rodriguez*, No. 121943, 2018 WL 915076, at *3 (Ill. Feb 16, 2018); *BHI Corp. v. Litgen Concrete Cutting & Coring Co.*, 827 N.E.2d 435, 441 (Ill. 2005).

The settling parties bear the initial burden of making a preliminary showing of good faith.

2

*Johnson*, 784 N.E.2d at 818. A legally valid settlement agreement is presumed to be in good faith if it was supported by some consideration. *Wreglesworth*, 740 N.E.2d at 449; *see id.* at 819. A non-settling party may challenge this presumption by showing by a preponderance of the evidence that the settlement was not in good faith. *Johnson*, 784 N.E.2d at 821; *Wreglesworth*, 740 N.E.2d at 449. "A settlement will not be found to be in good faith if it is shown that the settling parties engaged in wrongful conduct, collusion, or fraud," or "if it conflicts with the terms of the Act or is inconsistent with the policies underlying the Act." *Johnson*, 784 N.E.2d at 821.

The Court has reviewed the material in the record and notes the absence of any objection from the non-settling parties. It has determined that Atlas Copco has made a preliminary showing of good faith. The settlement was the result of an arm's length negotiation following a mediation. The settlement appears to be legally valid and supported by consideration, and the settlement amount bears a reasonable relationship to the harm suffered by the plaintiff and the potential responsible parties' relative culpability based on the facts alleged in the Amended Complaint. Furthermore, there is no indication of wrongful conduct, collusion or fraud or that the settlement conflicts with the Contribution Act or its purposes. Additionally, the non-settling parties have not timely challenged the presumption of good faith and have thereby waived that argument.

For the foregoing reasons, the Court:

- **GRANTS** the motion for a good faith finding under the Contribution Act, 740 ILCS 100/2 (Doc. 117);

- **FINDS** that the settlement between the plaintiff and Atlas Copco was entered into in good faith as contemplated by the Contribution Act;

- **DISMISSES with prejudice** the plaintiff's claims against Atlas Copco pursuant to their settlement agreement;

3

- **DISMISSES with prejudice** all claims for contribution among and between Atlas Copco, American Coal and David Stanley;

- **DECLINES** to certify this order for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) because the settled claim is not sufficiently separable or distinct from the other claims remaining to be adjudicated, *see Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Atlas Copco is terminated as a party in this case.

**IT IS SO ORDERED.**
**DATED: May 15, 2018**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**